No. 24-13544-JJ

---

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**UNITED STATES OF AMERICA**,

*Appellee*

v.

**RASHAD RONNELL LEWIS**

*Appellant*

---

Appeal from the United States District Court
for the Middle District of Florida

No. 3:23-cr-00055-MMH-SJH

---

**APPELLANT'S *ANDERS* BRIEF**

---

A. FITZGERALD HALL, ESQ.
Federal Defender

MATTHEW D. CAVENDER, ESQ.
Research and Writing Attorney
201 South Orange Ave., Suite 300
Orlando, FL 32801
407-648-6338
Matthew_Cavender@fd.org

*Counsel for Appellant*

*United States v. Rashad Ronnell Lewis*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following persons have an interest in the outcome of this case:

Cavender, Matthew D.

Corrigan, Honorable Timothy J.

Cunningham, Collette B.

Hall, A. Fitzgerald

Hanania, Waffa

Handberg, Roger B.

Horovitz, Honorable Samuel J.

Howard, Honorable Marcia Morales

Howard, Katherine G.

Karase, Kelly S.

Klindt, Honorable James

Lawrence, Noel G.

Lewis, Andrea Dawn

Lewis, Rashad Ronnell

Potter, David Eric

Rhodes, David P.

*United States v. Rashad Ronnell Lewis*

Richardson, Honorable Monte C.

Roper, Christopher Eric

Schmidt, Scott T.

Singh, Aakash

Talbot, Frank M.

Toomey, Honorable Joel B.

No publicly traded company or corporation has an interest in the outcome of this case.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel files this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and is moving to withdraw. Counsel does not request oral argument and takes no position on whether oral argument is appropriate.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ........................................................................ C-1

Statement Regarding Oral Argument ........................................ i

Table of Citations ....................................................................... iv

Jurisdictional Statement ............................................................ vi

Statement of the Issues .............................................................. 1

Statement of the Case ................................................................. 2

    I.    Course of proceedings and disposition below ................ 2

    II.    Statement of the facts ...................................................... 2

        A.    Offense conduct ........................................................ 2

        B.    Indictment, plea agreement, and guilty plea .......... 4

        C.    Presentence investigation report ............................ 6

        D.    Sentencing ................................................................. 7

    III.    Standards of review ......................................................... 7

Summary of the Argument .......................................................... 9

Argument ..................................................................................... 10

    I.    The requirements of *Anders* and counsel's conclusion ......... 10

    II.    Whether Mr. Lewis knowingly and voluntarily pleaded guilty ........................................................................... 11

    III.    Whether Mr. Lewis knowingly and voluntarily waived his right to appeal his sentence ................................... 14

Conclusion ........................................................................ 16

Certificate of Compliance ................................................. 18

Certificate of Service ....................................................... 19

# TABLE OF CITATIONS

## Cases

*Anders v. California*,
386 U.S. 738 (1967) ..................................................i, 9, 10, 16

*United States v. Bascomb*,
451 F.3d 1292 (11th Cir. 2006) ...........................................15

*United States v. Blackwell*,
767 F.2d 1486 (11th Cir. 1985) ........................................9, 10

*United States v. Bushert*,
997 F.2d 1343 (11th Cir. 1993) ......................................14, 15

*United States v. Frye*,
402 F.3d 1123 (11th Cir. 2005) ...............................................7

*United States v. Grinard-Henry*,
399 F.3d 1294 (11th Cir. 2005) ...........................................14

*United States v. Henderson*,
409 F.3d 1293 (11th Cir. 2005) ...............................................8

*United States v. Howle*,
166 F.3d 1166 (11th Cir. 1999) ......................................14, 16

*United States v. Johnson*,
451 F.3d 1239 (11th Cir. 2006) ...........................................15

*United States v. Johnson*,
541 F.3d 1064 (11th Cir. 2008) ...............................................8

*United States v. Medlock*,
12 F.3d 185 (11th Cir. 1994) .................................................15

*United States v. Moriarty*,
429 F.3d 1012 (11th Cir. 2005) ........................................8, 11

## Statutes

18 U.S.C. § 3231 ......................................................................vi

18 U.S.C. § 3742 ......................................................................vi

21 U.S.C. § 841(b)(1)(A) ..........................................................2

21 U.S.C. § 846 ..........................................................................2

28 U.S.C. § 1291 ......................................................................vi

28 U.S.C. § 1294 ......................................................................vi

## Rules

Fed. R. Crim. P. 11(b) ............................................................11

Fed. R. Crim. P. 11(h) ............................................................11

# JURISDICTIONAL STATEMENT

This is a direct appeal from the final judgment in a criminal case, entered by the United States District Court for the Middle District of Florida, Orlando Division, on October 16, 2024. Doc. 127. The district court had original jurisdiction under 18 U.S.C. § 3231.

Mr. Lewis timely filed a notice of appeal on October 29, 2024. Doc. 129. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. §§ 1291, 1294.

## STATEMENT OF THE ISSUES

I.    Whether Mr. Lewis knowingly and voluntarily pleaded guilty.

II.    Whether Mr. Lewis knowingly and voluntarily waived his right to appeal his sentence.

# I. Course of proceedings and disposition below

Mr. Lewis pleaded guilty to Count 1 of an indictment charging him with conspiring to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).[1] Docs. 1, 98, 104. After accepting his plea and adjudicating him guilty, the district court sentenced him to 120 months' incarceration, followed by 5 years of supervised release. Doc. 127.

Mr. Lewis is currently incarcerated pursuant to this judgment.

# II. Statement of the facts

## A. Offense conduct

On March 12, 2020, a confidential informant (CI) arranged to purchase methamphetamine from Andrea Lewis, Mr. Lewis's co-defendant. Doc. 115 (PSR) ¶ 15. The CI and Ms. Lewis arrived at the agreed-upon location and went inside the residence. *Id.* Ms. Lewis exited the residence and conducted a hand-to-hand transaction with Mr. Lewis, her methamphetamine source. *Id.* She then re-entered the residence and

---

[1] He was also charged in Count 5 of the indictment, but that count was dismissed at sentencing. Doc. 1 at 3; Doc. 127 at 1.

sold the CI 10.5 grams of crystal methamphetamine. *Id.*

On March 17, 2020, the CI again arranged to purchase methamphetamine from Ms. Lewis. PSR ¶ 16. They met at the residence and while there, the CI observed Mr. Lewis arrive and conduct a hand-to-hand transaction with Ms. Lewis. *Id.* She then re-entered the residence and sold the CI 55.1 grams of crystal methamphetamine. *Id.*

On March 19, 2020, the CI told Ms. Lewis that the CI wanted to buy one pound of crystal methamphetamine. PSR ¶ 17. Ms. Lewis only had an ounce to sell, so she sold that ounce first and then agreed to sell the rest when she was resupplied. *Id.* The CI bought 27.4 grams of crystal methamphetamine from Ms. Lewis. *Id.*

Later that day, Mr. Lewis traveled to Ms. Lewis's residence and they conducted a hand-to-hand transaction outside the residence. PSR ¶ 18. When the CI arrived, the CI went inside and purchased 328.3 grams of crystal methamphetamine from Ms. Lewis. *Id.*

Following this transaction, law enforcement conducted a traffic stop on Mr. Lewis as he left the residence. PSR ¶ 19. A search of his vehicle uncovered 3.9 grams of methamphetamine and $4,000, of which $3,950 was government funds from the controlled purchases with the CI. *Id.*

Mr. Lewis was held accountable for a total of 421.3 grams of crystal methamphetamine and 3.9 grams of methamphetamine. PSR ¶ 20.

## B.  Indictment, plea agreement, and guilty plea

A grand jury returned a five-count indictment against Mr. Lewis, Ms. Lewis, and another co-defendant. Doc. 1. Mr. Lewis was charged in Count 1 with conspiring to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine, and in Count 5 with distribution of at least 50 grams of actual methamphetamine on March 19, 2020. *Id.*

Mr. Lewis ultimately reached a plea agreement with the government in which he agreed to plead guilty to Count 1. Doc. 100. The plea agreement contained the following appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b),

then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

*Id.* at 10 (emphasis in original).

Mr. Lewis pleaded guilty before a magistrate judge, who conducted the following appeal waiver colloquy with Mr. Lewis:[2]

> THE COURT: Now, each of your plea agreements contain a provision in which you're waiving your right to appeal your sentence except in the circumstances that are listed. And it's on page 14 of your plea agreement, Mr. Farah, and page 10 of yours, Mr. Lewis.
>
> Normally you would have a right to appeal your sentence on any ground that you think's appropriate, including an incorrect application of the sentencing guidelines. Under this plea agreement, however, you're waiving your right to appeal your sentence except in the circumstances that are listed. So you could still appeal your sentence on the following grounds:
>
> First, that your sentence exceeds your applicable guideline range as that range is determined by the Court; or second, that your sentence exceeds the statutory maximum penalty; or third, that your sentence violates the Eighth Amendment to the Constitution prohibiting cruel and unusual punishment; or fourth, if the government appeals your sentence, then you can appeal it as well. But other than in those circumstances, you're waiving your right to appeal your sentence.
>
> So do you each understand what you're waiving and giving up in this portion of the plea agreement?

---

[2] The magistrate judge conducted a joint change-of-plea hearing with Mr. Lewis and a defendant in an unrelated case.

DEFENDANT LEWIS: Yes, sir.

. . .

THE COURT: And do you make this waiver freely and voluntarily?

DEFENDANT LEWIS: Yes, sir.

Doc. 152 at 27:6–28:8.

The magistrate judge issued a report and recommendation recommending that the district court accept the guilty plea, which it did. Docs. 101, 104.

## C.   Presentence investigation report

The PSR calculated that Mr. Lewis had a total offense level of 29 and a criminal history category of IV, resulting in a Guidelines range of 121 to 151 months. PSR ¶¶ 35, 50, 91. The PSR also noted the statutory imprisonment range of 10 years to life, followed by at least 5 years of supervised release. PSR ¶¶ 90, 93.

Mr. Lewis raised two objections: (1) to receiving a criminal history point for the convictions in Paragraph 46; and (2) to the inclusion of arrest narratives for the arrests listed in the "Other Criminal Conduct" section of the PSR. PSR Addendum.

### D. Sentencing

At sentencing, the district court declined to rule on Mr. Lewis's objections because, as to the criminal history point, it would not change the Guidelines range, and as to the arrest narratives, the district court would not rely on them. Doc. 148 at 9:1–22. The district court ultimately granted a one-month downward variance and sentenced him to the mandatory minimum 120 months, followed by the mandatory minimum 5 years of supervised release, while recognizing that a lower sentence might have been appropriate had it not been for the mandatory minimum. *Id.* at 53:2–7, 56:10–15, 57:10–19.

A written judgment and then an amended judgment followed.[3] Docs. 127, 160.

## III. Standards of review

1. This Court reviews the voluntariness of a guilty plea de novo. *United States v. Frye*, 402 F.3d 1123, 1126 (11th Cir. 2005). However, when a defendant fails to object to an alleged Rule 11 violation before the

---

[3] The amended judgment was entered after the district court granted Mr. Lewis's motion to amend the judgment to correct a discrepancy between the oral pronouncement and the written judgment. *See* Docs. 158, 159, 160.

district court, review is for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (citation omitted). To show plain error, a defendant must establish that (1) there was an error; (2) that was plain or obvious; and (3) affected their substantial rights in that it caused harm. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005) (citation omitted). If "these three requirements are satisfied, [this Court has] the discretion to provide relief if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

2.      This Court reviews the validity of a sentence appeal waiver de novo. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

# SUMMARY OF THE ARGUMENT

A frivolous appeal, according to *Anders v. California*, 386 U.S. 738 (1967), is one without arguable merit. Here, after diligent review of the entire record, counsel did not find any non-frivolous argument that he can present in good faith. Consequently, counsel has not presented any argument, but has merely "set out any irregularities in the trial process or other potential error which . . . might . . . be arguably meritorious." *United States v. Blackwell*, 767 F.2d 1486, 1487–88 (11th Cir. 1985).

Those matters are as follows:

- Whether Mr. Lewis knowingly and voluntarily pleaded guilty; and

- Whether Mr. Lewis knowingly and voluntarily waived his right to appeal his sentence.

# ARGUMENT

## I. The requirements of *Anders* and counsel's conclusion

As in all cases, appellate counsel must conduct a "conscientious examination" of the record. *Anders v. California*, 386 U.S. 738, 744 (1967). If counsel concludes that an appeal would be "wholly frivolous," *id.*, then counsel must prepare a brief "set[ting] out any irregularities in the trial process or other potential error which, although in his judgment not a basis for appellate relief, might, in the judgment of his client or another counselor or the court, be arguably meritorious," *United States v. Blackwell*, 767 F.2d 1486, 1487–88 (11th Cir. 1985).

Upon receipt of an *Anders* brief, the Court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744. If the Court agrees that there are no non-frivolous issues for appeal, then the Court will consider the appeal without the assistance of counsel. *Id.* However, if the Court concludes that there are non-frivolous issues for appeal, then the Court "must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

Here, after diligent review of the record, counsel has been unable to

find any non-frivolous argument that he can present in good faith. Consequently, counsel has not presented any argument, but has merely stated the possible issues that Mr. Lewis may be interested in presenting, along with the relevant facts and law.

## II. Whether Mr. Lewis knowingly and voluntarily pleaded guilty

Rule 11(b) of the Federal Rules of Criminal Procedure sets out the procedure a court must follow before accepting a plea of guilty. "A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019. "A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *Moriarty*, 429 F.3d at 1020 (citation omitted).

The following is the list of Rule 11(b) requirements and the citations to the places in the record where the magistrate judge addressed those

requirements when taking Mr. Lewis's plea:

| | |
|---|---|
| **(1)(A)** the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath | Doc. 152 at 4:9–20. |
| **(1)(B)** the right to plead not guilty, or having already so pleaded, to persist in that plea | Doc. 152 at 13:25–14:1. |
| **(1)(C)** the right to a jury trial | Doc. 152 at 14:4–8. |
| **(1)(D)** the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding | Doc. 152 at 14:13–15.[4] |
| **(1)(E)** the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses | Doc. 152 at 14:16–15:2. |
| **(1)(F)** the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere | Doc. 152 at 15:3–16:19. |
| **(1)(G)** the nature of each charge to which the defendant is pleading | Doc. 152 at 20:7–21:16. |
| **(1)(H)** any maximum possible penalty, including imprisonment, fine, and term of supervised release | Doc. 152 at 21:17–22:14. |

---

[4] The magistrate judge informed Mr. Lewis that he had "the right to have the assistance of an attorney at the trial and at every stage of these criminal proceedings" but did not specifically state that he had the right to court-appointed counsel if necessary.

| | |
|---|---|
| **(1)(I)** any mandatory minimum penalty | Doc. 152 at 21:17–23. |
| **(1)(J)** any applicable forfeiture | Doc. 152 at 22:2–3. |
| **(1)(K)** the court's authority to order restitution | Not addressed. |
| **(1)(L)** the court's obligation to impose a special assessment | Doc. 152 at 22:1–2. |
| **(1)(M)** the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) | Doc. 152 at 17:10–15. |
| **(1)(N)** the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence | Doc. 152 at 27:6–28:8. |
| **(1)(O)** if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future | Not applicable. *See* Doc. 152 at 4:21–23. |
| **(2) Ensuring That a Plea Is Voluntary.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). | Doc. 152 at 36:17–37:9. |
| **(3) Determining the Factual Basis for a Plea.** Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. | Doc. 152 at 30:3–31:4. |

## III. Whether Mr. Lewis knowingly and voluntarily waived his right to appeal his sentence

Even if Mr. Lewis knowingly and voluntarily pleaded guilty, he may still want to argue that he did not knowingly and voluntarily waive his right to appeal his sentence.

To establish that an appeal waiver was made knowingly and voluntarily, the government must show either that (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy; or (2) the record makes clear that "the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). The district court must clearly convey to the defendant the circumstances under which he is giving up the right to appeal. *See id.* at 1352–53.

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). However, this Court has noted that "[i]n extreme instances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999). Nonetheless,

this Court normally "enforce[s] knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). In addition, this Court applies "a strong presumption that [a defendant's] statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Here, Mr. Lewis signed the plea agreement containing the appeal waiver, and the magistrate judge fully informed him about the waiver and its exceptions, after which Mr. Lewis confirmed that he understood and agreed to the waiver and its exceptions. Doc. 152 at 27:6–28:8; *see Bushert*, 997 F.2d at 1352–53.

Further, it seems that none of the waiver exceptions apply. Mr. Lewis's mandatory minimum 120-month term of imprisonment and mandatory minimum 5-year term of supervised release were not upward departures or variances above his court-determined Guidelines range, his sentence does not exceed the statutory maximum of life on the count of conviction, his sentence is not grossly disproportionate to his offense (and thus not an Eighth Amendment violation), *see United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006), and the government has not appealed.

Lastly, Mr. Lewis's below-Guidelines, mandatory minimum 120-month sentence does not constitute the type of extreme due process violation that would require review despite his valid appeal waiver. *See Howle*, 166 F.3d at 1169 n.5. Accordingly, counsel cannot present a non-frivolous argument that Mr. Lewis's appeal waiver is unenforceable.

## CONCLUSION

Pursuant to *Anders*, undersigned counsel asks the Court to grant him and the Federal Defender's Office permission to withdraw as counsel of record and asks that the Court afford Mr. Lewis the opportunity to supplement this appeal by raising any issue that he believes has merit. Counsel is today forwarding to him a copy of this brief, the motion to withdraw, the appendix, and a letter advising him of his right to supplement this brief.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
Federal Defender

 s/ Matthew D. Cavender
MATTHEW D. CAVENDER, ESQ.
Research and Writing Attorney
201 South Orange Ave., Suite 300
Orlando, FL 32801
407-648-6338
Matthew_Cavender@fd.org

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation in Rule 32(a)(7)(B) because it contains 2,979 words, excluding the parts exempted by Rule 32(f).

*s/ Matthew D. Cavender*
MATTHEW D. CAVENDER, ESQ.

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

On January 15, 2025, this brief, the motion to withdraw, the appendix, and a letter advising Mr. Lewis of his right to supplement this brief were sent to him by United States Mail, addressed as follows:

> Rashad Ronnell Lewis #63572-510
> FCI Jesup
> Federal Correctional Institution
> 2680 301 South
> Jesup, GA 31599

*s/ Matthew D. Cavender*
MATTHEW D. CAVENDER, ESQ.

*Counsel for Appellant*
